UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHANAN C. DAVIDSON-MCCANN,  )<br>       Plaintiff,                    )<br>                                                )<br>       v.                             )<br>                                                )<br>KILOLO KIJAKAZI, Acting Commissioner )<br>of the Social Security Administration,          )<br>       Defendant.                   ) | CAUSE NO.: 2:21-CV-15-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Shanan Davidson-McCann on January 31, 2021, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 19], filed November 1, 2021. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On December 21, 2021, the Commissioner filed a response, and Plaintiff filed her reply on January 3, 2022. For the reasons set forth below, the Court remands the Commissioner's decision.

**I.   Background**

On October 23, 2018, Plaintiff filed an application for benefits alleging that she became disabled on January 2, 2016. Plaintiff's application was denied initially and upon reconsideration. On February 27, 2020, Administrative Law Judge ("ALJ") Marc Jones held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On March 9, 2020, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements through December 31, 2020.

1

2. The claimant has not engaged in substantial gainful activity since January 2, 2016, the alleged onset date.

3. The claimant has the following severe impairments: anxiety; depression; post-traumatic stress disorder (PTSD).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can never operate a motor vehicle as part of her work-related duties. She is limited to simple work-related decisions and simple, routine tasks with no assembly line work or strictly enforced daily production quotas, and few changes in a routine work setting. She can never interact with the general public. She can work in proximity to other co-workers, but only with brief, incidental interaction with other co-workers and no tandem job tasks requiring cooperation with other co-workers to complete the task. Also, she could work where supervisors occasionally interact with her throughout the work day.

6. The claimant is incapable of performing past relevant work.

7. The claimant was a younger individual on the alleged onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue because the claimant is not disabled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 2, 2016, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate

Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 6]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual

3

findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.    Analysis

Plaintiff argues that the ALJ erred in his determination of the RFC, his assessment of Plaintiff's subjective allegations, and the appointment of the commissioner is constitutionally defective. The Commissioner argues that the ALJ's decision was supported by substantial evidence, and the argument about the constitutional defects in the Social Security Agency do not entitle Plaintiff to a rehearing on her claim.

Plaintiff argues that the RFC determination failed to take into account Plaintiff's restrictions in concentration, persistence, or pace, even though the ALJ found that she suffers medically determinable severe impairments of anxiety, depression, and PTSD, and that those impairments create moderate restrictions in understanding, remembering or applying information and in

concentration, persistence, or pace. The impairments also created a marked restriction in interacting with others. The Commissioner argues that the ALJ's analysis was sufficient.

Dr. Frampton, Plaintiff's treating doctor, opined that Plaintiff was unable to work due to anxiety and panic. The ALJ found the opinion unpersuasive because it was vague and did not provide specific functional limitations. The ALJ also found the opinions of the state agency examiners only "somewhat persuasive" because they "did not have access to later medical records that show limitations greater than moderate in social functioning and greater than mild limitations in the other areas." AR 22. However, instead of submitting the later-dated medical records to trained professionals, the ALJ interpreted them himself. The ALJ concluded the medical records showed "limitations greater than moderate in social functioning and greater than mild limitation in the other areas." AR 22. An ALJ is required to rely on expert opinions and should not determine the significance of medical records himself. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings."); *see also Israel v. Colvin*, 840 F.3d 432 (7th Cir. 2016) ("there is always a danger when lawyers and judges attempt to interpret medical reports and that peril is laid bare here"); *Browning v. Colvin*, 766 F.3d 702, 705 (7th Cir. 2014) (noting that administrative law judges are not permitted to "play doctor"). An ALJ may not give "uncritical acceptance" of state-agency medical professionals when the ALJ "failed to submit [the imaging] to medical scrutiny, as he should have done since it was new and potentially decisive medical evidence. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014); *Green v. Apfel*, 204 F.3d 780, 782 (7th Cir. 2000).

Because the ALJ did not find any of the opinions in the record about Plaintiff's work-related limitations persuasive and incorporated different limitations in the RFC than were described by any medical source, the Court cannot determine the basis for his RFC determination. The Seventh

Circuit Court of Appeals has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno*, 882 F.3d at 729 (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) (explaining that "health professionals, in particular psychiatrists, not lawyers or judges, are the experts" on mental illness); *see also Punzio*, 630 F.3d at 710 ("[A] plaintiff who suffers from mental illness will have better days and worse days, so a snapshot of any single moment says little").

Furthermore, the ALJ has not adequately addressed the incorporation of Plaintiff's moderate limitations in concentration, persistence, and pace into the RFC. The ALJ concluded that Plaintiff would be able to perform a number of jobs based in large part on the VE's testimony. "Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619. *See DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt v. Colvin,* 758 F.3d 850, 858-59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that . . . confining the

claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"). In this case, the ALJ's hypothetical to the VE did not mention any specific difficulty concentrating, persisting in a task, or maintaining pace, but reflected the same limitations as is in the ultimate RFC, describing someone who can "perform simple, routine, and repetitive tasks but not at production rate pace but can meet end of day quotas" and has only limited interaction with others. When Plaintiff's attorney asked about an employee needing to have her attention redirected to the task at hand, the VE testified that that would only be tolerated in an accommodation situation and would generally be work preclusive. AR 65. The VE further testified that if someone had more than one and half days of absence or tardy arrivals per month she would not be able to sustain employment. AR 66. The ALJ is reminded that "[w]hen an ALJ poses a hypothetical question to a vocational expert, the question must include all limitations supported by medical evidence in the record." *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014); *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004).

Because the case is being remanded, the Court need not address the merits of Plaintiff's constitutional argument. Plaintiff requests that the case be remanded to a new ALJ to cure the separation of powers concerns she raises in her brief. The case is being remanded, as she requested, so, without finding that there are any, the Court notes that any defects will be cured. *See Hoot v. Saul*, No. 1:18-CV-296-RLM, 2020 U.S. Dist. LEXIS 254965, at *9 (N.D. Ind. Mar. 23, 2020) *aff'd Hekter v. Saul*, 2021 U.S. App. LEXIS 36160, 2021 WL 5768688 (7th Cir. Ind., May 10, 2021)

(remand for a hearing before a constitutionally appointed ALJ will cure any constitutional challenge).

## VI.  Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 19] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 22nd day of August, 2022.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:  All counsel of record